_Page 1 of 33 Pages_

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

'08 - CV - 01753

Civil Action No. _____

(To be supplied by the court)

_Jury Trial Demand_

_Timothy Edward Holz_____, Plaintiff,

v.

_United States of America_,

_Harley G. Lappin_,

_Rebecca Tamez_,

_Michael Nallie_,

_H. A. Rios, Jr._,

_J. Wilner_,

_Ms. Barker_,

_Mr. Vigil_____, Defendant(s).

(List each named defendant on a separate line.)

_Official and Individual Capacity Suit_

### PRISONER COMPLAINT

_the U.S.A. does not have the option of being the sole defendant in this action and it is "timely demanded"_

(Rev. 1/30/07)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 8 2008

GREGORY C. LANGHAM
CLERK

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG -6 2008

GREGORY C. LANGHAM
CLERK

**A. PARTIES**

1. _Timothy Edward Holz #15079-064, United_
   _States Penitentiary II, P.O. Box 1034, Coleman, Fl 33521_
   (Plaintiff's name, prisoner identification number, and complete mailing address)

2. _United States OF America_
   (Name, title, and address of first defendant)
   _Unknown / N/A_

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? X Yes ___ No (CHECK ONE).  Briefly explain your answer:
   _Plaintiff is serving a 210 month sentence_
   _in the Federal Bureau of Prisons_

3. _Harley G. Lappin, Director F.B.O.P.'s, 320 First_
   (Name, title, and address of second defendant)
   _Street, N.W., Washington, D.C. 20534_

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? X Yes ___ No (CHECK ONE).  Briefly explain your answer:
   _Same as above and is an employee of the_
   _Federal agency while acting within the scope of his_
   _office or employment and may be held liable_

4. _Rebecca Tamez, Chief DSCC, Grand Prairie,_
   _Texas,_
   (Name, title, and address of third defendant)

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? X Yes ___ No (CHECK ONE).  Briefly explain your answer:
   _Same as above and may be held liable while_
   _acting within the scope of her employment_

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant.  The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 1/30/07)                                2

## A. Parties

5. Michael Nallie, North Central Regional Director, Kansas City, Kansas

   Color of state law? Yes. Same as above

6. H.A. Rios, Jr., Warden U.S.P. Florence, Colorado

   Color of state law? Yes. Same as above

7. J. Wilder, SIA Captain U.S.P. Florence, Colorado

   Color of state law? Yes. Same as above

8. Ms. Barker, E-A Unit Manager, U.S.P. Florence, Colorado

   Color of state law? Yes. Same as above

9. Mr. Vigil, E-A Unit Case Manager, U.S.P. Florence, Colorado

   Color of state law? Yes. Same as above

The above defendants are being sued in their Official + Individual (personal) Capacity

## A. Parties

10. T. Whitney, Operations Lieutenant, U.S.P. Florence, Colorado

Color of state law? Yes. Same as above

11. Captain Krist, Captain U.S.P. Florence, Co.

Color of state law? Yes. Same as above

12. D.L. Stine, Warden U.S.P. McCreary, Ky.

Color of state law? Yes. Same as above

13. R. McLeod, Associate Warden U.S.P. McCreary, Ky.

Color of state law? Yes. Same as above

14. Mr. Messer, Executive Asst./Admin. Remedy Coordinator, U.S.P. McCreary

15. Mr. Ramirez, Regional Medical Director, MARO, 302 Sentinel Drive, Suite 200 Annapolis Junction, Maryland 20701

16. Kim White, Regional Director, MARO

Color of state law? Yes. Same as above

## A. Parties

17. Mr. Long, SHU Lieutenant, U.S.P. McCreary, Ky.

18. Ms. S. Taylor, Physicians Assistant, U.S.P. Mc-Creary, Ky.

19. Counselor Lawson, SHU Counselor, U.S.P. Mc-Creary, Ky.

20. Mr. McCabe, SHU Property Officer, U.S.P. Mc-Creary, Ky.

21. Ms. Gregory, Health Services Administrator, U.S.P. McCreary, Ky.

22. Mr. Holt, Regional Director SERO, Building 2000, 3800 Camp Creek Parkway, SW, Atlanta, Georgia 30331-6226

23. Lisa M. Sunderman, Regional Counsel SERO, Building 2000, 3800 Camp Creek Parkway, SW, Atlanta, GA 30331-6226

24. D.B. Drew, Warden U.S.P. Coleman II, P.O. Box 1034, Coleman, Florida 33521

25. Mr. Zafier, Associate Warden U.S.P. Coleman II, P.O. Box 1034, Coleman, Florida 33521

## A. Parties

26. Mr. Bechtole, Associate Warden, U.S.P. II, P.O. Box 1034, Coleman, Florida 33521

27. L. Williams, Deputy Captain, U.S.P. II, P.O. Box 1034, Coleman, Florida 33521

28. Mr. Aguirre, SIA Lieutenant, U.S.P. II, P.O. Box 1034, Coleman, Florida 33521

29. A. Joseph, SHU Lieutenant, U.S.P. II, P.O. Box 1034, Coleman, Florida 33521

30. Mr. Soto, SIS-STG Control Lieutenant, U.S.P. II, P.O. Box 1034, Coleman, Florida 33521

31. E.J. Chipi, LMP, U.S.P. II, P.O. Box 1034, Coleman, Florida 33521

32. Rafael Roman, MD, U.S.P. II, P.O. Box 1034, Coleman, Florida 33521

33. Dr. Degrau, Clinical Director, U.S.P. II, P.O. Box 1034, Coleman, Florida 33521

34. B. Hernandez, Regional Clinical Director, SERO, Atlanta, GA 30331-6226

## A. Parties

35. JEFFREY Campbell, Supervisory Attorney, FCC Coleman, Florida 33521

36. Mr. Ramirez, SHU Property Officer, FCC Coleman II, Florida 33521

37. Mr. Grafton, H-2 Unit Manager, U.S.P. II, Coleman, Florida 33521

38. Mr. Connelly, H-2 Unit Case Manager, U.S.P. II, Coleman, Florida 33521

39. Mr. T.J. Bosbous, H-2 Unit Counselor, U.S.P. II, Coleman, Florida 33521

# B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to:  (check one if applicable)

____ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

X 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners), And All F.B.O.P.'s Code OF Federal Regulations and Program Statements Applicable

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, 2672 et seq., and the Doctrin OF Respondent Superior, and the Continuous Tort Doctrin, and Title 28 Code OF Fed. Regulations, Section D.172 + Title 18 U.S.C. § 111(a) Aiding and Title 18 U.S.C. § 1510 Obstruction OF Justice Abeding Attempted Capital Felony Murder

# C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

On May 25th, 2007 I was transfered on a 'verified 323' issue from U.S.P. Florence, Colorado to U.S.P. Victorville, California. My name was not removed from the bop.gov inmate locator website prior to transfer and my assailants told me that it was exactly how I was found during my attempted murder on 7-19-07. It is the "proximate cause" of my permanent injury to my lower left front rib cage which if it cannot be repaired has left me unable to pursue my vocation as a certified #9001 International standards OF Operations Nuclear Power Industry Welder.

The United States OF America and Federal Bureau OF Prisons cannot deprive me of the "minimal civilized measures of life's necessities and these basic human needs include adequate food, clothing, shelter, sanitation, and personal safety." To be liable under a civil rights action, prison officials must be deliberately indifferent to the violation. Pursuant Title 28, Code OF Federal Regulations, Section D.172 any injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his/her office or employment may be liable for the conduct, or their misconduct.

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1.  Claim One:  (1) FTCA - NEGLIGENCE, Wrongful Act or Omission.
    (2) 5th AMEND. - Attempted Murder Due Process Violation
    (3) 8th AMEND. - Failure to Protect from Known Risk of Harm
    Supporting Facts:  (4) THE 18 § 111(a) Aiding and Abeding Attempted Murder

On May 25th, 2007 I was transfered on a "verified 323" issue from U.S.P. Florence, Colorado to U.S.P. Victorville, California. My name was not removed from the bop.gov inmate locator website prior to this transfer and my assailants told me that it was exactly how I was found so fast during my attempted murder on July 19th 2007. Use of this website is the "proximate cause" of my permanent injury to my lower left side rib cage which if it cannot be repaired has left me unable to pursue my vocation as a certified #9001 International standards of operations Nuclear Power Industry Welder. All the below named defendants are employed by the agency United States of America and Federal Bureau of Prisons, thus they are each and everyone culpable for any injury caused by their "negligent or wrongful acts or omission of any acts, while acting within the scope of their office or employment and can be prosecuted for their misconduct or held liable for their conduct in a court of law." They cannot deprive me of the "minimal & civilized measures of life's necessities and these basic human needs include adequate food, clothing, shelter, sanitation, and personal safety." They have been "deliberately indifferent" to my personal safety. See FARMER v. BRENNEN, — S/Ct. —, and also WILSON v. SEITER, 111 S.Ct. 2321; 115 L. Ed. 2d 271. They have failed to protect me from a known risk of harm. The 5th Amendment of the United States Constitution explicitly states... "No person/citizen of the U.S. may be deprived of life or liberty without due process of law". Every named defendant has done exactly that to me in this action and they will be prosecuted herein./....

Bad living conditions are "cruel and unusual punishment under the Eighth Amendment if those conditions amount to a serious deprivation, of the minimal civilized measures of lifes' necessities. And forcing me to live in a SHU in five United States Penitentiary's in 13 months amounts to a serious deprivation as I have done nothing wrong. It also violates my 5th Amend. due process rights and liberty interests because my placement in segregation causes me a deprivation that definetly and cojently imposes an "atypical and significant hardship on the inmate (me) in relation to the ordinary incidents of prison life." Sandin v. Conner, (1995) 515 U.S. 472-483; 115 S. Ct. 2293; 132 L. Ed. 2d 418. . . . "I am honestly unable to go to recreation in this Special Housing Unit safely at U.S.P. Coleman II."

On or about 12-11-06 Lieutenant T. Whitney had me out in the SHU on a 108 code incident report violation pending DHO review. K.W. Duling issued the Admin. Detention Order. I was placed in cell A-205 with inmate Steve Early, AKA-Madness, who was pending an SIS investigation with, Mike Lewis, AKA-Ddessa Mike, this SIS investigation resulted in both these inmates being transfered for shotcalling the Sept. 20th, 2006 assault on all Texas Aryan Brotherhood gang members at U.S.P. Florence, Colorado. It was a systematic blood bath in several units all at one time.

Mike Lewis was being housed across the hall from us on A-2 range one cell to our left with, Danny Bohan, AKA. Danny Boy. Mike Lewis is the Founder of the AC, or "Aryan Circle Texas Prison Gang". However, he started this Texas Gang from the streets in the Midland and Odessa, Texas area and, then while in the Texas Dept. of Corrections initiated many, many inmates to his off shoot gang of the AB, or Aryan Brotherhood Gang which is known as "the California Brand". Here is the time and place of the "Open Contract by All Aryan Gangs to murder me while I'm in the Federal Bureau of Prisons".

   We go to rec and Mike Lewis and Danny Bohan are put next to us. Danny Bohan asked me where I came in from and my response was U.S.P. Pollock, LA.. Danny said, "did you know Ricky Lewis"? My response was, "yes". Danny's response was, "I am married to Ricky's sister". Since he was an Orderly in the SHU at that time and had unlimited phone access he merely called his wife and told her to ask Ricky about me the next time he calls his sister from U.S.P. Pollock, LA.. I Figure this to be everyday too.
   Since Ricky Lewis and my best friend Ronald Burch #08436-003 live next to each other in A-1 Unit at U.S.P. Pollock, LA. and are also friends too, I Figure Mr. Burch got out on May 1st, 2006 and wrote Ricky Lewis after that informing him he was a law Enforcement Officer from the state of Alabama. Ricky Lewis and Danny Bohan are both from, Birmingham, Alabama..

Whether or not Mr. Burch #08436-003 is also an under cover confidential informant is unknown to me at this time. However, "it's a very, very strong possibility." Since all phone conversations are recorded from a U.S.P. on digital c.d's I bet we can verify that he asked his sister to ask Ricky about Big Tim from U.S.P. Pollock, LA, in this time frame too.

Within days of this I handed SHU C.O. Mannis a note stating that I thought my life was in great danger. I requested to be moved immediately to another cell. Mr. Mannis moved me to C-lower range with inmate Dave Heckenliable on that day. On or about Jan. 3rd 07 I was released from the SHU and returned to E-A Unit.

On Feb. 28th 2007 I was told to get off the compound by when the doors opened or I would be murdered. At 10 pm I handed my Unit C.O. a note in which I told him all this. Around 5 am that morning my case manager Mr. Vigil, took me to the Lt's office and at around 9 am Captian Wilder interviewed me. He wrote nothing down.

About 3 weeks later Mr. Vigil and Mrs. A. Barker interviewed me. They said that Capt. Wilder had told them nothing about our interview, and further said, "SIS knows nothing either"!

About 2 weeks later Mr. Vigil came by and told me SIS was not going to verify me or transfer me.

Now I write Capt. Wilder and remind him of our conversation on March 1st, 2007.

A few days later Mr. Vigil comes by stating he is starting my transfer paperwork.

On May 25th, 2007 I left U.S.P. Florence, Colorado and arrived at U.S.P. Victorville, California. I went to the compound at 4 pm to 4-A Unit.

Since I had requested to be removed from the bop. gov inmate locator website I assumed it safe. I also wrote U.S. Senator Ken Salazar on May 23rd, 2007 informing him of all this and requested to be removed from the bop.gov inmate locator website. He would have notified Harley G. Lappin.

On 7-19-2007 my assailants told me I was found on the bop.gov website and they were murdering me because of a open contract initiated by Mike Lewis from U.S.P. Florence, Colorado.

The bop.gov inmate locator is the "proximate cause" of my attempted murder on 7-19-07. The reason is because my assailants found Ronald Burch's #08436-003 address in my address book on 7-19-07. Rebecca Tamez handled my transfer from DSCC.

Now take in consideration I was put in cell E-#244 with Randy Lee Bridges #16038-076 who also has a contract on him by Mike Lewis after my assault on 7-19-07. They are all culpable. The SIS photos are attached with my lock up orders of 3-1-07 and 12-11-06. They were aware of both our contracts. It is very, very cogent.

JUN-20-2002 THU 10:16 AM                    FAX NO.                    P. 11/25

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prison                    **Administrative Detention Order**

_____

                                            <u>USP FLORENCE (HIGH) CO</u>

                                            <u>March 1, 2007 (7:00 a.m.)</u>

TO    :Special Housing Unit Officer

FROM  : <u>D. Wiseman, Lieutenant</u>                    <u>UNIT E/A</u>
                              (Name/Title)

SUBJECT: Placement of <u>Holz, Timothy</u>  Reg. No. <u>15079-064</u>  Administrative Detention

_____ (a)  Is pending a hearing for a violation of Bureau regulations:
_____ (b)  Is pending investigation of a violation of Bureau regulations:
_____ (c)  Is pending investigation or trial for a criminal act:
_____ (d)  Is to be admitted to Administrative Detention

__XX__ (1)Since the inmate has requested admission for protection:

I hereby request placement in Administrative Detention for my own protection.

            Inmate Signature/Register No. _____  #15079-064

            Staff Witness Printed Name/Signature : <u>D. Wiseman, Lieutenant</u>

_____(2) Since a serious threat exists to individual's safety as perceived by
staff, although person has not requested admission: referral of the necessary
information will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e)  Is pending transfer or is in holdover status during transfer:
_____ (f)  Is pending classification: or
_____ (g)  Is terminating confinement in Disciplinary Segregation and has been
ordered into Administrative Detention by the Warden's designee.

**You are being placed in administrative detention because you requested protective
custody.**

Therefore, the above named inmate is to be placed in Administrative detention until
further notice.  The inmate received a copy of this order on:

(date / time) <u>March 1, 2007 7:30 am</u>

Staff Witness Signature/Printed Name <u>D. Wiseman, Lieutenant</u>

*In the case of DHO action, reference to that order is sufficient.  In other cases, the officer will make an
independent review and decision, which is documented here.

cc:    Inmate Concerned, Captain, Administrative Detention Lieutenant, Unit Manager, Central File.

                    BP-308(52)  JANUARY 1988

To : Mr. Harley Lappin
Director, Federal Bureau of Prison's
320 First Street, NW
Washington, DC 20534

From : Mr. Timothy Edward Holz #15079-064
U.S.P. Big Sandy, P.O. Box 2068, Inez, Ky. 41224

RE : Stabbing + Assault on 7-19-07 in 4-A Unit
in Victorville, California, U.S.P.

Date : Jan. 14th, 2008

Dear Mr. Lappin:

    I am requesting the actual names of the infirm-
ary staff who treated me on 7-19-07? Why were no
X-ray's made of my severe head injury on this day?
The first officer who arrived in 4-A Unit on 7-19-07
informed me that upon seeing the actual size of my
(and it's deformed shape) head, that his first thought
was contusion! Are you aware that after being
placed inside E-#244, "that I stopped breathing
completely"? Why wasn't I sent to a local hospital
for emergency medical services?

                                    Sincerely,
                                    Timothy E. Holz
                                    Timothy Edward Holz
                                    #15079-064







Inmate Holz
# 15079-064
sis
7/19/07

JUN-21-2002 FRI 02:08 PM                    FAX NO.                        P. 01

**Special Housing Unit Record**

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

usp terre haute

REG. NO.: 15079-064

INMATE NAME: HOLZ, TIMOTHY

REGULAR UNIT: E-A    CELL: 0

TEAM/CASEWORKER: A.BARKER

VIOLATION
OR REASON: INTOXICANTS        DATE REC'D: 12/11/2006    TIME REC'D: 3:25PM

ADMITTANCE
AUTHORIZED: LT. DULING        DATE REL: _____    TIME REL: _____

PERTINENT INFORMATION: PEND DHO

SEPARATION INFORMATION: NONE PER SENTRY

SPECIAL HOUSING UNIT CELL NUMBER: A-205    INMATE IS ON: ADM. DETENTION

IS INMATE ON MEDICATION: YES        MEDICAL DEPARTMENT NOTIFIED: YES

| DATE | SHIFT | MEALS B D S | | | SH | EXERCISE | MEDICAL PA SIGN | COMMENTS-USE REVERSE SIDE IF REQUIRED | OIC SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|
| SUN 12/24/ 2006 | MORN | X | | | | 600 | R | | |
| | DAY | | Y | | | | | | |
| | EVE | | | P | | | | | |
| MON 12/25/ 2006 | MORN | X | | | | | | | |
| | DAY | | Y | | | | | | |
| | EVE | | | Y | | | | | |
| TUE 12/26/ 2006 | MORN | Y | | | | ILD | | | |
| | DAY | | Y | | | | | | |
| | EVE | | | Y | | | | | |
| WED 12/27/ 2006 | MORN | Y | | | | ILD | | | |
| | DAY | | Y | | | | | | |
| | EVE | | | | | | | | |
| THU 12/28/ 2006 | MORN | Y | | | | R | ^ | | |
| | DAY | | Y | | | | | | |
| | EVE | | | Y | | | | | |
| FRI 12/29/ 2006 | MORN | Y | | | | | ~ | | |
| | DAY | | Y | | | | | | |
| | EVE | | | Y | | | | | |
| SAT 12/30/ 2006 | MORN | | | | | | M | | |
| | DAY | | Y | | | | | | |
| | EVE | | | Y | | | | | |

EXPLANATORY NOTES:
Pertinent Info: i.e., Epileptic; Diabetic; Suicidal; Assaultive; ect...
Meals/SU: Shower - Yes (Y); No (N); Refused (R)
Medical: PA will sign the seg log each shift and the record sheet each time the inmate is seen by the PA. At a minimum, the record sheet
must be signed at least once each day by the Physician Assistant.
Ex: Exercise: Enter Actual Time Period and Inside or Outside (i.e., 8:30/10:00 IN) (2:00/2:30 Out)
Comments: i.e., Conduct, Attitude, etc. Additional comments on the reverse side must include date, signature and title.
OIC Signature: OIC must sign all record sheets each shift. (OIC - Unit Officer.

JUN-20-2002 THU 10:16 AM                    FAX NO.                        P. 12/25

**U.S.DEPARTMENT OF JUSTICE**
Federal Bureau of Prison                **Administrative Detention Order**

USP FLORENCE CO

Date/Time: 12-11-06 10:15 A.M.

TO: Special Housing Unit Officer

FROM: A.W. Duling, Lieutenant                    UNIT E/A

SUBJECT: Placement of inmate Holtz, Timothy Reg. No. 15079-064

_____ (a)  Is pending a hearing for a violation of Bureau regulations:
__XX__ (b)  Is pending investigation of a violation of Bureau regulations:
_____ (c)  Is pending investigation or trial for a criminal act:
_____ (d)  Is to be admitted to Administrative Detention

_____ (1)  Since the inmate has requested admission for protection:

I hereby request placement in Administrative Detention for my own protection.
                    Inmate Signature/Register No.:_____
                Staff Witness Printed Name/Signature:_____
_____ (2) Since a serious threat exists to individual's safety as perceived
by staff, although person has not requested admission: referral of the necessary
information will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e)  Is pending transfer or is in holdover status during transfer:
_____ (f)  Is pending classification: or
_____ (g)  Is terminating confinement in Disciplinary Segregation and has been
ordered into Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named
inmate's continued presence in the general population poses a serious threat to
life, property, self, staff, other inmates, or the security or orderly running of
the institution because YOU WERE PLACED IN ADMINISTRATIVE DETENTION FOR
POSSESSION/USE OR MANUFACTURE OF INTOXICANTS. USE OF INTOXICANTS IN A CONTROLLED
ENVIRONMENT LEADS TO DISRUPTIVE AND OFTEN VIOLENT CONDUCT WHICH THREATENS THE SAFETY
OF STAFF AND INMATES AS WELL AS THE SECURITY OF THE INSTITUTION.

Therefore, the above named inmate is to be placed in Administrative detention until
further notice.  The inmate received a copy of this Order on:
(Date /Time)        12-11-06 10:20 a.m.

Staff Witness Signature/Printed Name____A.W. Duling, Lieutenant____
  *In the case of DHO action, reference to that order is sufficient.  In other cases, the officer will make an
independent review and decision, which is documented here.

cc:Inmate Concerned, Captain, Administrative Detention Lieutenant, Unit Manager, Central File.
                    BP-308(52)  JANUARY 1988

FTCA - "Negligence"
5th Amend. Denial Of Due Process Violation
2.   Claim Two:   8th Amend. Inappropriate Medical Attention

Supporting Facts:

On Nov. 1st, 2007 I was told the infirmary x-ray machine was broken at U.S.P. Victorville, California when I complained of my lower left rib cage still being unhealed. The doctor said I was leaving in the morning, so he would send a referal to OK. City for them to make x-ray's there. Obviously, that x-ray machine being broken is a cogent lie, "they wanted me gone period". Cogently they were told by me my ribs were still broken on Nov. 1st, 2007, so they are aware of this danger/risk if I am transfered, and they did draw the inference when they allowed the cross country trip to go through on Nov. 2nd, 2007. Cogently, "that invoked the continuous Tort Doctrin" across the U.S. to the Oklahoma City Transfer Center.

Inadequate medical care violates the U.S. Constitution's Eighth Amendment prohibition on cruel and unusual punishment if the lack of care amounts to "deliberate indifference" to a serious medical need. Estelle v. Gamble, (1976) 429 U.S. 97 [97 S. Ct. 285; 50 L. Ed. 2d. 251]. Also see, Wilson v. Seiter, (1991) 501 U.S. 294, 302 [111 S. Ct. 2321; 115 L. Ed. 2d 271].

On Nov. 6th, 2007, staff at the Federal Transfer Center (FTC) in Oklahoma City, OK., completed x-ray's of my broken ribs and must have made a falsified report.

On Feb. 15th, 2008, I arrived at U.S.P. McCreary, in Pine Knot, Ky. and on Feb. 20th, 2008, Ms. Taylor, P.A., ordered x-ray's which were completed March 3rd, 2008. After these x-ray's confirmed negative too, it is very obvious to me and Ms. Taylor that an M.R.I. scan is essential as it has to be cartilage damage. She puts in a referal for me to see the Regional Medical Director Dr. Ramirez to approve me for an M.R.I. scan right on or about March 3rd, 2008. About a week later she tells me she has done everything except put him in a head lock and drug him over to the SHU to see me. On 4-17-08 I wrote him a letter requesting to be seen before being transfered again. On May 19th 08 I was once again transfered to OK. City (FTC) and on May 20th 08 brought to USP Coleman II, Flordia. On 6-2-08 I was seen by Dr. Ramon and he told

me that my ribs would be this way for life. He also told me an M.R.I. scan could not see cartilage damage. It's all a conspiracy to constantly deny me medical care for a serious medical condition. It's "deliberate indifference".

On 7-20-08 I was seen by E.J. Chipi, LMP and he gave me 11 prescriptions for 800mg Motrin and he said surgery may be essential to repair it. I must have an M.R.I. first and then surgery, so let's get it over with as soon as possible.

Harley G. Lappin, Rebecca Tamez, Michael Nallie, H.A. Rios, Jr., I. Wilder, A. Barker, Mr. Vigil, T. Whitney, Capt. Krist, D.L. Stine, R. Mcleod, L. Messer, Dr. Ramirez, Kim White, Lt. Long, S. Taylor, Counselor Lawson, B. McCabe, Ms. Gregory, Mr. Hott, L. Sunderman, D. Drew, Mr. Iafier, Mr. Bechtole, L. Williams, Mr. Aguirre, A. Joseph, Lt. Soto, E.J. Chipi, R. Roman, Mr. Negrau, B. Hernandez, J. Campbell, Mr. Ramirez Mr. Grafton, Mr. Connelly, T.J. Bosbous are all involved in this conspiracy to deny my adequate medical care.

To : Dr. Ramirez, Regional Medical Director

From : Mr. Tim Holt #15079-064, U.S.P. McCreary, P.O. Box 3000, Pine Knot, Ky 42635

RE : Essential To See You Concerning A Rib Lose From The Cartilage, An X-Ray Cannot Locate This, An M.R.I. Scan Will

Date : April 14th, 2008

Sir :

RECEIVED

APR 2 1 2008

Bureau of Prisons
MARO Regional County

I need to be seen, And this repaired before I'm dragged accross the U.S. Again. This is An emergency! It hurts very, very badly. I have been like this since 7-19-07 when they attempted to murder me. I have attached the 6.I.S photos (5) to this letter. Please see me before I Am transferred Again. Thank you For your time in this matter.

Sincerely,

Timothy E. Holt

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Holz Tim E.          15079-064     SHU      U.S.P. McCreary
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST**

I am demanding an MRI scan to determine the exact damage done to my rib cage on 7-19-07 at U.S.P. Victorville, California. I think some ribs on the lower left front have been kicked away from the cartiledge completely.

Relief Requested: An M.R.I. scan because X-Ray's cannot show damaged cartiledge or bones seperated from it. March 13th, 2008

_____          Timothy Edward Holz
DATE                              SIGNATURE OF REQUESTER

**Part B– RESPONSE**

```
USP McCREARY
MAR 19 2008
WARDEN'S OFFICE
```

_____          _____
DATE                             WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 486945-F1

                                    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____          _____
DATE                             RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                        BP–229(13)
                                               APRIL 1982

08-04330

Page 1 of 5 pages   Two pages are SIS Photos 7-19-07

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1.** Submit To Appropriate Federal Agency:
Lexington Consolidated Legal Center
FMC Lexington, 3301 Leestown Road
Lexington, Kentucky 40511 - 8799

**2.** Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)
Tim Holz #15099-064
U.S.P. McCreary P.O. Box 3000,
Pine Knot, Kentucky 42635

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 4-27-64 | 5. MARITAL STATUS single | 6. DATE AND DAY OF ACCIDENT 5-7-2008 | 7. TIME (A.M. or P.M.) AM |
|---|---|---|---|---|

**8.** Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

I arrived at U.S.P. McCreary on 2-15-08 and on 2-20-08 I showed Ms. Taylor, Physician Assistant exactly where this rib is not healing at, she stated that she did feel something and scheduled me for x-ray's. They were negative. This clearly indicates that my cartilage is still severed where it should be firmly connected.
Continued next page

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)
lower left front rib has cartilage severed

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

lower left front rib has cartilage severed since 7-19-07 an x-ray can't determine this, an M.R.I. can.

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| James Hicks my cellmate at MCR, USP | F.C.I. Memphis, Tn |

RECEIVED
MAY 12 2008

**12.** (See instructions on reverse) **AMOUNT OF CLAIM (In dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | YES | N/A | Thirty Billion Dollars $ 30,000,000,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Timothy Edward Holz | 13b. Phone number of signatory N/A | 14. DATE OF CLAIM 5-7-08 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.
Designed using Perform Pro. WHS/DIOR, Jun 98

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## Continued Statement

It has been this way since my attempted murder on 7-19-07. On 2-22-08 Warden D.L. Stine asked my cellmate to have me come to the door, when I did he inquired, "Are you in good health?" I told him that my lower left front rib is still broken, but since the x-ray's came back negative, it has to be the cartilage that is completely torn (kicked lose) off and it is no better in 9 months. Only an M.R.I. scan can see this type of cartilage injury, an x-ray cannot. I herein state very, very explicitly, that in the event the M.R.I. is negative, "I herein agree to be charged for it." This has to be repaired right now. Do you know how much this thing hurts during a flight or bus ride? It's unbearable! My common sense dictates surgery will be essential in it's repair.

I am a professional nuclear power industry welder, and I must be able to work, and I do not have the ability to work in this condition period. Every week Ms. Taylor tells me she has me down for a referral to see the Regional Medical Director Ramirez so he can schedule me an M.R.I. scan. This is intentional denial of essential medical care by Ramirez and the consultation doctor howry. Now they can explain it to a jury in U.S. District Court, both of them too. Ms. Taylor has stated that she's done everything but put him in a head lock and drug him over to the SHU to see me. I believe her too.

They did this to me because they found out my best friend at U.S.P. Pollock, LA. was an x-Alabama police officer by the name of, Ronald Burch #08436-003, look at his P.S.I. too.

(1) FTCA - "Negligence, Wrongful Act or Omission"

(2) 5th Amend. & 18 U.S.C. 1111(a) Aiding & Abetting Attempted

3.   Claim Three:   Capital Felony Murder & 18 U.S.C. §1510 Obstruction Of Justice

(3) 8th Amend. Failure To Protect From A Known Risk Of Harm

Supporting Facts:

On May 20th, 2008, I arrived at FCC Coleman, Florida, and I was interviewed inside R&D, by a Case Manager. During his interview I was asked several questions, but when he asked me this one — "Have you ever assisted the government in any prosecution?" My answer was — "I am personally prosecuting my assailants on 7-19-2007". He stated he was going to answer that as yes and I told him that I agree that is the correct way to answer that. I was immediately put in the SHU.

On June 22nd, 2008, C.D. Gross ordered me to the compound at 10:40 am. "that is attempted capital felony murder." I refused and was written the attached incident report.

It is cojent that, Harley G. Lappin, Rebecca Tamez, Michael Nallie, H.A. Rios, Jr., I. Wilner, Ms. A. Barker, Mr. Vigil, T. Whitney, Capt. Krist, D.H. Stine, R. McLeod, R. Messer, Mr. Ramirez, Kim White, M. Long, S. Taylor, Mr. Lawson, Mr. B. McCabe, Ms. Gregory, Mr. Holt, Lisa M. Sunderman, D.B. Drew, Mr. Zafier, Mr. Bechtole, L. Williams, Mr. Aguirre, A. Joseph, Mr. Soto, E.T. Chipi, R. Roman, Mr. Neargn, B. Hernandez, Jeffrey Campbell, are involved in a conspiracy to allow active gang members here at U.S.P. Coleman II to murder me. My life is in imminent danger of further serious injury or possible death until I leave the FCC Coleman Complex.

Please see attached incident report of June 21st, 2008, and Emergency Sensitive Nature Admin. Remedy Appeal '496121-A1. They are the next two pages attached.

Cojently, Mr. Ramirez, the SHU Property Officer is involved as he has failed/refused to issue me my personal property knowing I have active cases for over 2½ months. It has been in R&D all this time. Mr. Grafton, Mr. Connelly, Mr. Bosbous refuse me all Admin. Remedies requested numerous times from each of them and my indigent mailing stamps they are required to provide me. Warden Drew ignores my demands for sanitized Admin. Remedy formats too.

**U.S. Department of Justice**

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

*Sensitive Emergency Nature*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Holt Tim E.       15079-064       H-2       USP Coleman II
   LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

**Part A - REASON FOR APPEAL**

I APPEAL, this issue is OF a sensitive Emergency Nature. My life will REMAIN in AN "imminent danger to serious physical injury or possible death until I leave the Coleman, Florida AREA." I reiterate EVERY issue raised in my Regional Appeal. Three active gang members arrived here on May 20th, 2008 from USP Victorville, California. Terry Davis, Mike Woods, + Jason Blount the first two came here, the last went to USP Coleman I. They know I am prosecuting my assailants and I cannot go to either of these compounds. Transfer me immediately! Not in 3 ~~Five~~ months either. This was placed in the institutional mail on 6-29-2008.

Relief Demanded: Transfer me into a Witsec CIM Program Now!

6-29-2008
   DATE

Timothy E. Holt
   SIGNATURE OF REQUESTER

Copies to:

George S. Cardona, U.S. Attorney, Los Angeles, CA

J. Stephen Tidwell, Asst. Director In Charge

Ashour Ebrahim, Supervisory Special Agent

F.B.I. Los Angeles, California

   And

Graig A. Moon, Publisher USA Today Newspaper

7950 Jones Branch Drive

McLean, VA 22108

_____
   DATE

**ORIGINAL: RETURN TO INMATE**

**Part C - RECEIPT**

GENERAL COUNSEL

CASE NUMBER: 496121-A1

CASE NUMBER: 496121-A1

Return to: _____
   LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

_____
   DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN       ♲ PRINTED ON RECYCLED PAPER

BP-231(13)
JUNE 2002

BP-S288.052
SEP 05

**INCIDENT REPORT**    CDFRM

**U.S. DEPARTMENT OF JUSTICE**                         **FEDERAL BUREAU OF PRISONS**

## Part I - Incident Report

1. Institution:USP-2

| 2. Inmate's Name<br>Holz, Timothy | 3. Register Number<br>15079-064 | 4. Date of Incident-<br>June 21, 2008 | 5. Time<br>10:40 am |
|---|---|---|---|
| 6. Place of Incident<br>SHU-E-Range cell 207 | 7. Assignment<br>Unassg/AD | 8. Unit<br>G-1 | |
| 9. Incident<br>Refusing to work, or to accept a program assigment/ Refusing to obey an order of any staff member | | 10. Prohibited Act Code(s)<br>306/307 | |

11. Description Of Incident (Date: 6-21-08  Time: 10:40 am  Staff became aware of incident)

On June 21,2008 at approximately 10:40 pm I went to E-range to order Inmate Holz, Timothy # 15079-064 who is housed in cell E-207,out to the compound. Inmate Holz,T. #15079-064 stated," I am not going out." I gave the inmate a second order to go out to the compound. The inmate again refused.

| 12. Typed Name/Signature of Reporting Employee<br>J. Capse/Senior Officer | 13.Date And Time<br>6/21/08 11:00am |
|---|---|
| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature)<br>A. John  LT | 15. Date Incident<br>Report Delivered<br>6-22-2008 | 16. Time Incident<br>Report Delivered<br>9:04 Am |

## Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident

18. A. It is the finding of the committee that you:

_____ Committed the Prohibited Act as charged.

_____ Did not Commit a Prohibited Act.

_____ Committed Prohibited Act Code(s)_____

B. ____ The Committee is referring the Charge(s) to the DHO for further Hearing.

C. ____ The Committee advised the inmate of its finding and of the right to file     an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

21. Date And Time Of Action _____ (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

_____Chairman

(Typed Name/Signature)    Member (Typed Name)        Member (Typed Name)

Original - Central File Record; Yellow - DHO; Blue - Inmate After UDC Action; Pink - Inmate within 24 Hours Of Part I Preparation

(This Form May Be Replicated Via WP)                    Replaces BP-S288.052 Of MAY 94

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? _X_ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit:

    10 to 11 individuals
    5:07-cv-01410-D5F-PTW

2. Docket number and court name:

    Holz v. McFadden, Reg. Dir, et al
    Emergency Care on 7-19-07

3. Claims raised in prior lawsuit:

    (1) Negligent Medical Attention,
    (2) Attempted Murder 5th Amend,
    (3) Failure To Protect From Known Risk Of Harm
    8th Amend. Violation

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):

    Dismissed on 2-28-08

5. If the prior lawsuit was dismissed, when was it dismissed and why?

    2-28-08, Inability To Pay $18.00
    initial partial Filing Fee assessed

6. Result(s) of any appeal in the prior lawsuit:

    08-55565 still pending 9th Cir.

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

    _X_ Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? _X_ Yes ___ No (CHECK ONE).

    Administrative Claim No. TRT-WXR-2008-00391
    denied May 7th, 2008. Administrative Claim No. TRT-
    SCR-2008-01806 denied June 13th, 2008. Both are
    attached next 3 pages. BP 8-9-10-11 exhausted too.
    All claims BP 8's-9's-10's + 11's Exhausted, Tort Claims too.

(Rev. 1/30/07)



**U.S. Department of Justice**

Federal Bureau of Prisons

*Consolidated Legal Center*

**DATE MAILED:**    MAY 0 7 2008
**Certified Receipt: 7007 3020 0002 0135 0390**

Metropolitan Detention Center
535 N. Alameda Street, Los Angeles, CA 90012

Timothy Holz
Reg. No. 15079-064
United States Penitentiary
P.O. Box 2068
Inez, Kentucky 41224

RE:    Administrative Claim No. TRT-WXR-2008-00391

Dear Mr. Holz:

This is in response to the administrative claim submitted to the office under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, et seq. You seek monetary damages in the amount of $30,000,000,000.00 as compensation for not removing your name from the bop.gov inmate locator was the proximate cause of your assault that occurred July 19, 2007 at the United States Penitentiary, Victorville, California.

Investigation failed to disclose any evidence of negligence or other conduct for which the United States is liable. You have failed to establish that you have suffered a loss or personal injury as a result of staff negligence in this matter.

Accordingly, your claim is denied. If you are not satisfied with this determination, you are afforded six months from the date of the mailing of this letter via certified mail in which to bring suit in the appropriate United States District Court.

Sincerely,

Eliezer Ben-Shmuel
Supervisory Attorney

*Thirty Billion Dollars*

Harlan W. Penn
Western Regional Counsel
Federal Bureau of Prisons
7950 Dublin Boulevard, 3rd Floor
Dublin, California 94568



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

JUN 13 2008
**CERTIFIED MAIL**

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

Timothy Holz
Reg. No. 15079-064
United States Penitentiary II
P.O. Box 1034
Coleman, FL 33521

Re: Administrative Tort Claim No. TRT-SCR-2008-01806

Dear Mr. Holz:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act, Title 28, United States Code, Section 2672 et seq., and authority granted by Title 28, Code of Federal Regulations, Section 0.172. You claim government liability in the amount of thirty billion and 00/100 dollars ($30,000,000,000.00) for alleged personal injury.

Section 2672 of the Federal Tort Claims Act delegates to each Federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

You allege on or about November 6, 2007, staff at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma, completed x-rays of your broken ribs and falsified a report.

An investigation into your claim revealed on November 6, 2007, bilateral x-rays of your ribs were completed. A contract radiologist subsequently reviewed the x-rays and found no evidence of a fracture. On February 15, 2008, you arrived at the United States Penitentiary (USP), McCreary, in Pine Knot, Kentucky, where you requested staff examine your ribs due to an alleged injury you sustained on July 19, 2007. On February 20, 2008, USP McCreary staff ordered x-rays of your chest which were

**SENSITIVE BUT UNCLASSIFIED**

HOLZ, Timothy
Reg. No. 15079-064
TRT-SCR-2008-01806
Page 2

completed on March 3, 2008, and confirmed no evidence of a
fracture.

There is no evidence to support your claim of negligence, as
staff appropriately completed x-rays of your ribs and forwarded
them to a qualified contract radiologist for review.  Subsequent
x-rays confirmed the negative findings of the November 6, 2007,
x-rays.

Because no evidence indicates that you suffered any injuries
caused by the negligent or wrongful acts or omissions of any
government employee acting within the scope of his or her
employment, your claim is denied.

You are advised that if you are dissatisfied with our
determination in this matter, you are afforded six (6) months
from the date of the mailing of this communication within which
to bring suit in the appropriate United States District Court.

Sincerely,

Jason A. Sickler
Regional Counsel

JAS/pi

cc:  Paul A. Kastner, Warden
     FTC Oklahoma City

**SENSITIVE BUT UNCLASSIFIED**

## G. REQUEST FOR RELIEF

State the relief you are requesting.  If you need more space to complete this section, use extra paper.  The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

1. Trial by Jury is demanded pursuant FRCP #38 timely

2. Defendant U.S.A. does not have the option of being the sole defendant in this action, but only Compensatory Damages are sought against them #90 Billion Dollars Compensatory $30 Billion in Each Claim One, Two & Three

3. All Thirty Nine named defendants are sued in their Official as well as their Individual (personal) Capacity for #30 Billion Dollars Compensatory Damages, and #30 Billion Dollars Punitive in Each Claim One Two, & Three/

4. Total Compensatory Sought in this action is $180 Billion Dollars

5. Total Punitive sought in this action is $90 Billion Dollars

6. Total Overall Damages Sought, $270 Billion Dollars

7. Plaintiff respectfully requests that U.S.A. Today ~~Reporters~~ Reporters be allowed inside this courtroom during this trial

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on  August 4th, 2008
(Date)

Timothy Edward Hol
(Prisoner's Original Signature)